**STATE, Plaintiff-Appellee, v. TERLECKI, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

Nos. 3521, 3522. Decided September 30, 1952.

W. A. Ambrose, Prosecuting Attorney, and Harold H. Hull, Assistant Prosecuting Attorney, Youngstown, for plaintiff-appellee.

Russell G. Mock, Youngstown, for defendant-appellant.

## OPINION

PER CURIAM.

In case numbered 18204 on the docket of the court of common pleas appellant pleaded guilty to the crime charged in an indictment laid under §12423,GC, which indictment reads as follows:

"INDICTMENT FOR RAPE."

"THE STATE OF OHIO. MAHONING COUNTY, SS.

"In the Court of Common Pleas, Mahoning County, Ohio, of the Term of September in the year of our Lord one Thousand Nine Hundred and Fifty One."

"The Jurors of the Grand Jury of the County of Mahoning, and State of Ohio, then and there duly empaneled, sworn and charged to inquire of and present all offenses whatever committed within the limits of said County, on their said oaths, in the name and by the authority of the State of Ohio, do find and present:

"That Frank P. Graziano, Robert C. Graves, John Vostitsianos, and John Terlecki late of said County, on the 30th day of August in the year of our Lord one thousand nine hundred and fifty-one, at the County of Mahoning aforesaid did maliciously, unlawfully and feloniously unite, combine and conspire for the purpose and with the intent then and there to unlawfully and forcibly rape, and in pursuance of said conspiracy, and to effect the object thereof, did then and there unlawfully, forcibly and maliciously rape or ravish Margaret Mary Shipsky, she, the said Margaret Mary Shipsky, being a female person other than the daughter or sister of them, the said Frank P. Graziano, Robert C Graves, John Vostitsianos, and John Terlecki, and not being a female under the age of twelve years, contrary to the statute in such cases made and provided and against the peace of the State of Ohio."

In case numbered 18205 on the docket of the court of common pleas the trial judge, to whom the case was submitted upon waiver of trial by jury, found appellant guilty as charged in an indictment laid under §13386-3 GC, which indictment reads as follows:

"INDICTMENT FOR KIDNAPPING A WOMAN WITH INTENT TO RAPE."

"THE STATE OF OHIO, MAHONING COUNTY, SS."

"In the Court of Common Pleas, Mahoning County, Ohio, of the Term of September, in the year of our Lord one thousand nine hundred and fifty-one."

"The Jurors of the Grand Jury of the County of Mahoning, and State of Ohio, then and there duly empaneled, sworn and charged to inquire of and present all offenses whatever committed within the limits of said county, on their said oaths, in the name and by the authority of the State of Ohio, do find and present:

"That Frank P. Graziano, Robert C. Graves, John Vostitsianos, and John Terlecki, late of said County, on the 30th day of August in the year of our Lord one thousand nine hundred and fifty-one, at the County of Mahoning aforesaid did maliciously, unlawfully and feloniously unite, conmbine and conspire and maliciously kidnap a female person for the purpose of committing rape upon her person, and in pusuance of said conspiracy, and to effect the purpose thereof, did then and there unlawfully and forcibly kidnap, entice, abduct, carry off, detain and decoy one Margaret Mary Shipsky, for the purpose of committing rape upon her person, and then and there, so united, did commit rape upon the person of the said Margaret Mary

Shipsky, contrary to the statute in such cases made and provided and against the peace of the State of Ohio."

On October 3, 1951, appellant pleaded not guilty to the charges lodged against him in both cases. On October 17, 1951, he withdrew his plea of not guilty in case number 18204 and entered a plea of guilty as charged in that case, and was sentenced to imprisonment in the Ohio penitentiary for the term of three to twenty years.

On January 28, 1952, appellant filed a plea in bar and requested the trial judge to quash the indictment returned against him in case number 18205. The trial judge overruled that motion and plea.

Having been found sane, after observation had in accordance with the provisions of §13451-20 GC, the trial judge found appellant guilty in case number 18205, as charged therein, and subsequently duly sentenced him to be imprisoned in the Ohio Penitentiary for not less than five nor more than thirty years.

Appellant appealed to this court in both cases on questions of law from the judgment of the court of common pleas, and by stipulation the appeals were consolidated for all purposes and will be disposed of accordingly.

About 12:30 on the morning of August 30, 1951, Frank Graziano, Maron Fares, and appellant were riding in the back seat of an automobile being operated in an easterly direction on East Federal Street in downtown Youngstown, Mahoning County, Ohio, by Robert Graves, beside whom John Vostitsianos was sitting on the front seat.

When the automobile in question was stopped at the intersection of East Federal and Champion Streets, one block east of the Public Square of Youngstown, in obedience to a traffic light situated there, Vostitsianos beckoned to Margaret Mary Shipsky, aged twenty-four years, who was waiting for a bus at a place on the sourtherly side of East Federal Street near the intersection of Champion Street, to enter such automobile, which she did, sitting between him and Graves.

Mistaking, as she testified in the trial court, the occupants thereof for friends she asked permission to leave the automobile as it proceeded easterly on East Federal Street, which she was denied. Thereupon she grasped the steering wheel of the car for the purpose of directing attention of other automobilists to the car in which she was riding, in which attempt she failed.

The automobile was driven some distance east then to a lonely place several miles north of Youngstown in Trumbull County, where she testified she was raped forcibly and against her will by appellant and certain other occupants of such automobile.

By assignments of error filed in case number 18204 appellant contends that the trial judge "abused his discretion in not permitting the defendant to withdraw his former plea of guilty and enter a plea of not guilty"; that the trial court "was without jurisdiction to enter any sentence and judgment therein"; that the trial judge erred "in overruling the motion for a new trial"; and contends that "the sentence and judgment is contrary to law."

In case number 18205 appellant contends by assignments of error that the trial judge erred to his prejudice "in overruling the plea in bar filed by the

defendant and thereby failing to quash the indictment"; erred "by placing the defendant twice in jeopardy for the same offense contrary to the Constitution of the State of Ohio and the Constitution of the United ⁿᵗᵃᵗᵉₛ"⁚ erred "by sentencing the defendant in the within cause when he had been previously sentenced in case number 18204"; and erred "in overruling the motion for new trial"; and contends "the sentence and judgment is contrary to law".

The burden of appellant's contention, as indicated in his assignment of errors filed in his respective appeals is that:

"* * * the indictments herein having grown out of the same transaction, referring to the same offense under different sections of the General Code that only one penalty could be ordered by the Common Pleas Court for the violation thereof; that the alleged crimes herein resulted from a single act, from a continuous transaction and that although covered by separate sections, under the procedure in Ohio the two charges might be made in one indictment, but a conviction for either one offense in either a single indictment or where the indictment contains two counts, a sentence on one or the other prohibits any further penalty being imposed by the court."

Or as stated by the State's attorney:

"All of the defendant's assignments of error are bottomed on the fact that inasmuch as both the rape and kidnapping involve the same parties, 'the same transaction, on the same date', that both offenses were committed by the same act; that the kidnapping necessarily included the commission of the rape, and, that defendants could only be punished for the commission of one offense and to punish for both offenses constituted placing the defendants twice in jeopardy for the same offense."

Further appellant contends that the state's attorney having elected to try defendant under the indictment returned in case number 18204 imposed the mandatory duty upon the trial judge to entertain the plea in bar filed in case number 18205 and quash the indictment returned against him in that case as under the protection of **Article 1, Section 10, of the Constitution of Ohio** "no person shall be twice put in jeopardy for the same offense"; and that under Amendment 5 of Article 7 of the Constitution of the United States "* * * nor shall any person be subject for the same offense to be twice put in jeopary of life and limb * * *"; and that in the instant case "two different consecutive sentences of punishment" were imposed upon defendant.

The details of the gang kidnapping, assault and rape in which appellant undisputedly participated are so horrifying and revolting that we are grateful that able counsel for defendant has spared us the necessity of reciting them by not contending that the judgment of the trial judge is not supported by the evidence, nor against the manifest weight thereof.

The law with reference to appellant's contention is so well settled against him and so thoroughly briefed by counsel for the state that we cite some of the cases and excerpts therefrom set forth in the state's brief.

"The plea of former jeopardy, under the Ohio Constitution, is limited by such constitution to 'the same offense'." **State v. Billotto, 104 Ohio St 13.**

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other." Duvall v. State, 111 Oh St 657.

"One acquitted under an indictment for stealing certain property may be subsequently indicted and tried for receiving and concealing the same property, knowing it to have been stolen." Beamer v. State, 10 C. C. (n.s.) 131.

"Two indictments, each charging the unlawful killing of different human beings, though growing out of the same general transaction, quarrel or controversy, do not charge the same offense. They each charge a separate and distinct offense under the laws of Ohio." State v. Billotto, 104 Oh St 13.

"An acquittal of a defendant upon the charge of murder in the first degree, while attempting to perpetrate a robbery (under §12400 GC), is not a bar to a prosecution for the crime of robbery (under §12432 GC), even though committed upon the same person named in the former charge, and the robbery was a part of the same criminal act referred to in the indictment for murder." Duvall v. State, 111 Oh St 657.

"A single act may be an offense against two statutes." Duvall v. State, 111 Oh St 657.

"A plea of former conviction can not be sustained where it appears that in one transaction several offenses were committed, even though the same evidence is admissible in all offenses charged." State v. Parrish, 27 N. P. (n.s.) 242.

"When the defendant was convicted or acquitted, or has been once in jeopardy upon an indictment or information the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same or for an offense necessarily included therein of which he might have been convicted under that indictment or information." Sec. 13440-8 GC.

"The fact that a defendant has been put in jeopardy upon a trial for one criminal act is no bar to a prosecution for a separate and distinct criminal act merely because they are closely connected in point of time, place and circumstance." Dodge v. State, 124 Oh St 580.

"Where a person has been in jeopardy upon an information or affidavit charging that he contributed to the moral delinquency of a female person in violation of Section 1654 General Code such jeopardy cannot be successfully pleaded as a bar to a prosecution by indictment on a charge of rape under §12413 GC.

"The provision of the constitution relating to jeopardy is in the following words: 'No person shall be twice put in jeopardy for the same offense.' The offense charged in the information is not the same offense and does not include the offense charged in the indictment, and hence the defense of jeopardy must fail." State v. Rose, 89 Oh St 383, syllabus.

"The words 'same offense' mean same offense, not the same transaction, not the same acts not the same circumstances or same situation. * * *

"It is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had

theretofore been in jeopardy, but the constitutional provision requires that it shall be the 'same offense' The usual test accepted by the textwriters on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy." **State v. Rose, 89 Oh St 383 at 386 and 387.**

"Under the state and federal constitutions no person shall be twice put in jeopardy for the same offense."

"One act may constitute several offenses."

"When a single unlawful act results in the killing of more than one person, each homicide constitutes a separate offense for which the defendant may be tried without being twice put in jeopardy." **State v. Martin, 154 Oh St 539.**

It was not necessary for a conviction of the defendant in case number 18204 charging rape under the provisions of §12413 GC, that the state present any evidence of the kidnapping of the person raped.

In case number 18205 it was necessary to a conviction under §13386-3 GC, that the state proved beyond a reasonable doubt that the raped person had been kidnapped for the purpose of committing rape.

We hold the two crimes are separate and distinct, and that the conviction in the first instance would not constitute a bar to the second prosecution. and that there was no error in the overruling by the trial court of defendant's plea in bar in case number 18205, nor do we find any other prejudicial error asserted in these appeals.

The judgment of the court of common pleas is affirmed.

NICHOLS, GRIFFITH and PHILLIPS, JJ, concur.